## Case No. 2,521.

### CATLIN v. HOFFMAN.

[2 Sawy. 486; 9 N. B. R. 342; 21 Pittsb. Leg. J. 159][1]

Circuit Court, D. Oregon. Jan. 5, 1874.

CONVEYANCE BY INSOLVENT DEBTOR — JUDGMENT AGAINST INSOLVENT DEBTOR—NOTICE OF ACT OF BANKRUPTCY — JUDGMENT AND LIEN WITH IMPLIED CONSENT OF DEBTOR — PREFERENCE PRESUMED TO HAVE BEEN INTENDED.

1. A conveyance by an insolvent debtor to his creditor of property, upon which said creditor has a lien to a greater amount than the value thereof, is not void, as being within the purview

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission. 21 Pittsb. Leg. J. 159, contains only a partial report.]

of the first clause of section 35 of the bankrupt act [14 Stat. 534].

2. Section 35 of the bankrupt act does not declare void a judgment obtained against an insolvent debtor under any circumstances; and the same, if obtained without fraud or collusion with the debtor, is as conclusive evidence of the claim and its amount, as if given against a solvent debtor.

3. Notice to creditor of an act of bankruptcy does not affect a transfer to him, otherwise than as it tends to show that he had reason to believe that such transfer was made in fraud of the bankrupt act.

4. Where a judgment is obtained, for want of an answer, against an insolvent debtor, and such judgment is docketed in the lien docket so as to become a lien upon the real property of such debtor: *Held*, that such lien being created with the implied consent of the debtor, it was in effect a transfer by him to the creditor, and void under the first clause of section 35 of the bankrupt act.

[Cited in U. S. v. Griswold, 8 Fed. 502.]

5. A transfer of property which necessarily gives a preference to one creditor over another, is presumed to have been made with a view to such preference, and in fraud of the provisions of the bankrupt act.

[In bankruptcy. Suit by John Catlin, assignee in bankruptcy, against Mark Hoffman, to set aside a conveyance as an unlawful preference.]

John W. Whalley and M. W. Fechheimer, for plaintiff.

Richard Williams, for defendant.

DEADY, District Judge. This suit is brought to set aside a certain conveyance made by the bankrupt, F. Stadler, to the defendant, of a parcel of land at Cornelius, in Washington county, Oregon, because the same was made and received contrary to the bankrupt act, and is a cloud upon the assignee's title.

The following facts are admitted or satisfactorily established by the evidence:

I. On January 13, 1873, a petition in bankruptcy was filed in the district court against said Stadler, upon which, on January 24, he was duly adjudged a bankrupt; and on February 11 the plaintiff was duly appointed assignee of said bankrupt's estate, and received a deed of assignment thereof from the register.

II. On March, 1872, said Stadler purchased of one Philips the property in question, the same being one acre and twenty-two rods in quantity, for the sum of $106, of which sum $6 was paid down and a mortgage given on the premises to secure the remainder; and in October, 1872, said mortgage was duly foreclosed and a decree given against Stadler and in favor of Philips for the sum of $123.45.

III. On October 21, 1872, the defendant obtained a judgment in the circuit court for the county aforesaid, for want of an answer, against Stadler, for the sum of $625, with costs of action, one half of which sum was for building materials furnished Stadler, to use on the premises, and the other for goods sold and cash loaned Stadler; and that prior to obtaining such judgment the defendant caused the said premises to be attached as the property of Stadler, upon the allegation that he was about to dispose of his property, with intent to delay and defraud his creditors.

IV. On December 14, 1872, Stadler being the owner of the premises, and being indebted to the defendant in a sum exceeding $700, to wit: the judgment aforesaid and the decree in favor of Philips, then assigned to defendant, the latter took from Stadler and wife a conveyance thereof, in payment of said indebtedness, and for the sum of $60 cash; and that at the date of said attachment, judgment and conveyance Stadler was insolvent, and without other property or assets, all of which was known to the defendant.

The defendant controverts the plaintiff's right to the relief asked upon the ground that at the date of the conveyance in question, by means of the judgment and decree aforesaid, he had a lien upon the property for more than it was worth, and therefore the conveyance, although taken with knowledge of the insolvency of Stadler, worked no preference to the defendant or hindrance or injury to any one, or any fraud upon the provisions of the bankrupt act.

Upon the question of the value of the property at the time of the conveyance, the evidence is conflicting, but taking the mean of the statements of the witnesses, it was not worth to exceed $700.

No case directly in point was cited on the argument, but I do not think that a conveyance by an insolvent debtor to his creditor of property, upon which said creditor already has a lien to a greater amount than the value thereof, is within the purview of the first clause of section 35 of the bankrupt act, and therefore void.

In such a case two of the four things necessary to bring it within said clause, as laid down by Mr. Justice Field in Toof v. Martin, 13 Wall. [80 U. S.] 46, do not exist: namely, 1. Intent to give a preference; and, 2. That the conveyance was made in fraud of the provisions of the act.

No preference is given by such a conveyance, and no other creditor is deferred or injured thereby. Unless some creditor is deferred or defrauded by such conveyance, no one can be preferred by it. The effect of the transaction is merely to pass the dry legal title to the property to the creditor who already has the beneficial interest therein and extinguish the right of redemption under the statute, which in such a case is valueless.

But in the case at bar it appears that the creditor paid $60 in money for the conveyance, in addition to the release of the debts due him. It may be said, that so far. this was a sale of the property under circum-

stances forbidden by the second clause of section 35 aforesaid, and therefore void. But the debts being greater in amount than the value of the property, the more reasonable inference is that the money was paid to obtain the conveyance rather than as a consideration for the property. The evidence is very meagre upon this point, and only shows the fact of the payment at the time of the conveyance. What was the particular inducement for it is left to inference. The defendant may have thought it cheaper and more convenient to pay Stadler for this conveyance than to obtain one by sale of the property on execution, or he may have paid for it, to induce the wife of the bankrupt to join in it, and thereby bar her right of dower in the premises.

If the special relief prayed for in the complaint—that this conveyance be set aside as fraudulent and void—is denied upon the ground that the defendant's lien upon the property at the time of such conveyance amounted to more than its value, then the plaintiffs make the further point that the judgment and decree aforesaid are invalid, and therefore insufficient to support such conveyance, because the same were taken within four months of the filing of the petition against Stadler, with knowledge of his insolvency, and in fraud of the provisions of the act, and with intent on the part of Stadler to prefer the defendant.

The first clause of section 35, under which this case falls, does not specify a judgment as one of the prohibited means of giving a preference. The language of the clause is: "If any person being insolvent, etc., within four months before the filing of the petition by or against him, with a view to give a preference to any creditor or person having a claim against him, etc., procures any part of his property to be attached, sequestered or seized on execution, or makes any payment, pledge, assignment, transfer or conveyance of any part of his property, either directly or indirectly, absolutely or conditionally, the person receiving such payment, pledge, assignment, transfer or conveyance, or to be benefitted thereby, or by such attachment, having reasonable cause to believe such person is insolvent, and that such attachment, payment, pledge, assignment or conveyance is made in fraud of the provisions of this act, the same shall be void," etc. There is nothing in this language which expressly or impliedly prohibits the taking or obtaining a mere judgment against an insolvent debtor. The judgment alone only serves to establish the claim of the creditor and fix its amount; and if obtained without fraud or collusion with the debtor is as conclusive evidence of those facts as if the debtor had been solvent.

I know the authorities often speak of a judgment being an illegal preference, or attempt to get one. But upon examination, I believe it will be found in every instance, that there was also a lien acquired upon the property of the debtor by means of the judgment, and that the illegal preference consisted in this lien, and not in the mere judgment itself.

But it is argued that this Hoffman judgment is void because taken by defendant with notice that Stadler had committed an act of bankruptcy; namely, the suffering of his property to be attached by the defendant. Doubtless this was a suffering "his property to be taken on legal process," and therefore an act of bankruptcy as defined in section thirty-nine of the bankrupt act. But if I am correct in the conclusion that the mere taking of a judgment against an insolvent debtor is not prohibited under any circumstances, then it matters not whether the defendant had this notice or not.

The fact that a creditor receiving a payment, pledge, assignment, transfer, etc., from an insolvent debtor, did so with notice of the commission of an act of bankruptcy by him, may be evidence that he received the same in fraud of the provisions of the act, but such notice does not itself render such transaction void, under the act of 1867, as it did under the bankrupt act of 1841, where it was held to be "the test of the mala fides which vitiates the transaction." Shawhan v. Wherritt, 7 How. [48 U. S.] 645.

By a law of this state judgment is not a lien upon personal property at all, nor upon real property until it is docketed in the judgment lien docket in the county where the property is situated. Code Or. 206. The judgment, as such, is complete without being docketed, and may be enforced by execution as soon as entered. Id. 208. The docketing is simply a means provided by statute by which the judgment creditor may, at his option, acquire a lien upon the judgment debtor's real property for the security of his judgment, without resorting at once to the extreme measure of an execution and levy.

The above cited clause of section 35 of the act, declares void, under the limitations there mentioned, any transfer of property directly or indirectly by an insolvent debtor. The lien of a judgment upon real property binds it for the payment of the claim for which it is given as effectually as a mortgage made by the debtor for that purpose would. Indirectly it works, causes or makes a transfer of the property upon which it operates from the judgment debtor to the judgment creditor. It may be said, however, that although the effect of the lien may be to transfer the property to the judgment creditor, still it is not a transfer made by the debtor, when, as in this case, he does not procure the judgment, but remains passive, and therefore is not within the act.

When a judgment is taken under the Code for want of an answer, as in this case, the debtor, by implication, distinctly consents to it. The summons contains a notice that if the defendant does not answer the complaint, the plaintiff will take judgment

against him for a given sum. Under the circumstances this amounts to a proposition to confess judgment for the sum named, and a failure to answer is an implied acceptance of such proposition. and a consent that the judgment be given, and at the option of the creditor, docketed, and become a lien upon his real property, and be thereby transferred to the judgment creditor. The lien of this judgment being in effect, a transfer of so much of the property of the insolvent debtor to a creditor with knowledge of such insolvency, it is void, if it was also made or acquired with an intent to prefer such creditor, and in fraud of the provisions of the bankrupt act.

Upon these points the supreme court in Toof v. Martin, supra, says: 1. "It is a general principle that every one must be presumed to intend the necessary consequences of his acts. The transfer, in any case, by a debtor, of a large portion of his property, while he is insolvent, to one creditor, without making provision for an equal distribution of its proceeds to all his creditors, necessarily operates as a preference to him, and must be taken as conclusive evidence that a preference was intended, unless the debtor can show that he was at the time ignorant of his insolvency, and that his affairs were such that he could reasonably expect to pay all his debts. The burden of proof is upon him in such case, and not upon the assignee or contestant in bankruptcy." 2. "The act of congress was designed to secure an equal distribution of the property of an insolvent debtor among his creditors, and any transfer made with a view to secure the property. or any part of it, to one, and thus prevent such equal distribution, is a transfer in fraud of the act." Upon the first point, see, also, In re Sutherland [Case No. 13,638]; In re Randall [Id. 11.551].

It follows necessarily from the facts stated and the rule laid down in Toof v. Martin, that this transfer was made with a view to give Hoffman a preference, and that Hoffman had reasonable ground to believe that it was made in fraud of the bankrupt act, because such was the necessary consequence of the transaction. Although, as far as appears, this judgment is valid, the lien of it having been acquired in contravention of the act, is void. In re Mallory [Id. 8,991].

The lien of the decree is valid, it being in effect, merely a continuation of the lien of the mortgage for the purchase money, the latter being merged in the former. It follows that the deed of December 14, 1872, in so far as the consideration therefor was the Hoffman judgment, was made in violation of the first clause of section 35 of the bankrupt act, and is therefore void. A decree will be entered declaring the lien of the judgment and the conveyance void, as against the assignee and setting them aside, and that the defendant prove his claim as he may be advised.