[No. 11736. In Bank. — October 23, 1888.]

JAMES D. BYRNES, RESPONDENT, v. J. H. HATCH, APPELLANT.

CHATTEL MORTGAGE ON CROP — SALE AND DELIVERY OF HARVESTED CROP — STATUTE OF FRAUDS. — When a crop of hay is hauled to a warehouse by the mortgagor at the request of and as the agent of a mortgagee, who had taken a chattel mortgage of the growing crop, it seems that the lien of the mortgagee on the crop is not lost. However this may be, if the warehouseman treats the mortgagee as the owner, a sale of the hay by the mortgagor to the mortgagee at an agreed price does not require any further delivery or change of possession; and a second transfer of the hay for value by the first purchaser to a third party, accompanied by a constructive delivery, which is good between the parties, can only be assailed by the creditors of the first purchaser, and not by the creditors of the original owner of the crop.

APPEAL — REVIEW OF CONFLICTING EVIDENCE — VALUE. — If the evidence conflicts as to the value of the property in controversy, and there is

enough to sustain the finding, an objection that the finding is against the preponderance of the evidence will not be sustained upon appeal.

REPLEVIN — EVIDENCE OF TITLE — CONSIDERATION OF SALE OF CROP — CHATTEL MORTGAGE. — When the plaintiff in replevin claims title to a harvested crop by purchase, and a part of the consideration of the sale consisted of certain notes and a chattel mortgage upon the growing crop, such notes and mortgage are admissible in evidence in his favor in deraigning his title to the crop.

APPEAL from a judgment of the Superior Court of San Mateo County, and from an order denying a new trial.

The facts are stated in the opinion.

*George W. Fox,* for Appellant.

The lien of a crop mortgage continues while the crop remains upon the land on which it was grown, and no longer. (Civ. Code, sec. 2972; *Waterman* v. *Green,* 59 Cal. 142.) The lien of a pledge is dependent on possession, and no pledge is valid without delivery. (Civ. Code, sec. 2988; *Dodge* v. *Meyer,* 61 Cal. 405.) If the transaction is to be considered as a sale, it was equally invalid for want of actual and continued change of possession. (Civ. Code, sec. 3440; *Weil* v. *Paul,* 22 Cal. 492; *Cahoon* v. *Marshall,* 25 Cal. 197; *Woods* v. *Bugbey,* 29 Cal. 466; *Watson* v. *Rodgers,* 53 Cal. 401; *Hesthal* v. *Myles,* 53 Cal. 623; *Edwards* v. *S. V. Bank,* 59 Cal. 148; *Dean* v. *Walkenhorst,* 64 Cal. 78.)

*Edward F. Fitzpatrick,* for Respondent.

In the main, only questions of fact are involved, and these are easy of solution. The hay was delivered to McDermott, and deposited in the warehouse as security for the debt of Pullen to McDermott. (Civ. Code, sec. 2986.) Considering the fact that McDermott already had possession of the hay while on the ranch and in the warehouse, no other transfer was necessary. (See *Hyatt* v. *Argenti,* 3 Cal. 159, concurring opinion of Wells, J.)

BELCHER, C. C.—This action was commenced to re-
cover the possession or value of seventy-three and a
half tons of hay. The defendant, as sheriff of San
Mateo County, levied a writ of attachment, issued
against one Pullen, upon the hay, and he justified the
taking on the ground that it was then the property of
Pullen, and subject to seizure and sale in payment of
his debts, and that the plaintiff's claim thereto was false
and fraudulent, and was made for the purpose of hinder-
ing, delaying, and defrauding the creditors of Pullen.
The court below found all the facts, and rendered judg-
ment, in favor of the plaintiff. The defendant moved
for a new trial, and his motion having been denied,
appealed from the judgment and order.

The material facts of the case are as follows: The hay
in question was wheat hay, and was raised and harvested
by Pullen in 1884. In March of that year Pullen bor-
rowed of one McDermott four hundred dollars, and gave
him his promissory note for that amount, bearing one
per cent per month interest, and a mortgage to secure
the payment of the note on all the crop of hay and grain
then standing and growing on a certain described farm.
In September following Pullen borrowed of McDermott
$150 more, for which he also gave his promissory note.
When all the hay had been harvested, by direction of
McDermott Pullen hauled it to a warehouse a few miles
distant and stored it there. It was placed in one end of
the warehouse by itself. In October, shortly after the
work of hauling and storing was completed, Pullen exe-
cuted and delivered to McDermott a bill of sale of the
hay for the agreed price of twelve dollars per ton. This
satisfied the two notes for borrowed money, and left $284
due Pullen, which McDermott at once paid him. As the
hay was being hauled to the warehouse, and after it was
all stored and he had obtained his bill of sale, McDer-
mott told the warehouseman that it was his hay, and to
place it in his name on the books. The warehouseman

knew of and recognized his ownership of the hay, and on one occasion asked him why he did not sell it. No books were kept at the warehouse, and no written entries were made or receipts issued for property stored there. In December McDermott sold the hay to the plaintiff, and executed and delivered to him a bill of sale of it. On the next morning after the sale, the parties went into the warehouse, and McDermott then pointed out the hay to the plaintiff, and told him he delivered him possession of it. The warehouseman had no notice of this sale until after the action in which the attachment was issued was commenced.

1. The contention of appellant is, that the facts shown were insufficient to justify the finding that the plaintiff was the owner and in possession of the property in question when it was attached. And in support of this position, it is said that the lien of the crop mortgage continued only so long as the crop remained on the land of the mortgagor (citing section 2972 of the Civil Code, and *Waterman* v. *Green*, 59 Cal. 142), and that neither the transfer from Pullen to McDermott, nor that from McDermott to the plaintiff, was accompanied by such an immediate delivery, and followed by such an actual and continued change of possession, as is required by section 3440 of the Civil Code to pass title as against creditors.

We do not think this contention can be sustained. The testimony tended to show that the hay was hauled to the warehouse by Pullen, at the request of and as the agent for McDermott, and this being so, we are not prepared to say that McDermott did not have a lien on the hay after it was placed in the warehouse for the full amount of money represented by his note and mortgage. But however this may be, the transfer afterward made to McDermott was, in our opinion, sufficient to meet the requirements of the section of the code cited, and to pass the title as against the creditors of Pullen. Whether the transfer to the plaintiff was accompanied

by an immediate delivery, and followed by an actual
and continued change of possession, it is not necessary
to inquire.   The transfer was good as between the par-
ties to it, and only the creditors of McDermott could
raise the question of its sufficiency.

2. The court found that the hay was worth twelve dol-
lars per ton, and estimated it at that value in making up
the judgment.   It is admitted for appellant that the tes-
timony as to the value of the hay was conflicting, but in-
sisted that the finding is against the preponderance of the
evidence.   There was ample testimony, in our opinion,
to sustain the finding.

3. The plaintiff offered, and against the objection and
exception of defendant the court admitted, in evidence
the notes and crop mortgage executed by Pullen to Mc-
Dermott.   Afterward, the defendant moved to strike this
evidence out, on the ground that the exhibits were irrele-
vant and immaterial, but the court denied the motion,
holding that they were at least admissible for the pur-
pose of showing in part the consideration for which
the bill of sale between the same parties was executed.
These rulings are assigned as error, but we think them
proper.   In deraigning his own title to the hay, the
plaintiff had the right to show all the facts and cir-
cumstances tending to show title in McDermott.   The
exhibits objected to constituted a part of these facts, and
were clearly relevant and material to the plaintiff's case.

The other points do not require special notice.   We
find no material error in the record, and therefore ad-
vise that the judgment and order be affirmed.

FOOTE, C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing
opinion, the judgment and order are affirmed.