[No. 13606.   Department Two. — January 31, 1891.]

## S. CAMPODONICO, RESPONDENT, *v.* THE OREGON IMPROVEMENT COMPANY, APPELLANT.

MORTGAGE ON GROWING CROPS — STORAGE OF HARVESTED CROP — WAREHOUSE RECEIPT. — The lien of a mortgage on growing crops is not lost by the mortgagee permitting the mortgagor to store the harvested crop in a warehouse, under an agreement between them that it should be stored in the name of the mortgagee, although the property is stored in the name of the mortgagor, against his protest that the warehouse receipt should show that it was stored for the mortgagee.

ID. — NEGLECT OF WAREHOUSEMAN. — The neglect or refusal of the warehouseman to issue a receipt showing that the property was stored in the warehouse for the mortgagee does not destroy the mortgage lien in favor of an assignee in insolvency of the mortgagor.

ID. — ASSIGNMENT OF WAREHOUSE RECEIPT — PREFERENCE — INSOLVENCY OF ASSIGNOR. — The assignment of the warehouse receipt to the mortgagee by the mortgagor on the day of and before the filing of the latter's petition in insolvency, is not void as a preference under section 55 of the Insolvent Act, where the value of the property is less than the debt for which it was mortgaged.

ID. — EFFECT OF ASSIGNMENT — TITLE TO PROPERTY IN WAREHOUSE — INSOLVENCY OF ASSIGNOR. — The assignment of the warehouse receipt, conceding it to be a transfer of the legal title to the property described in the receipt, is nevertheless valid as against an assignee in insolvency of the mortgagor appointed in proceedings subsequently commenced by him on the day of the assignment.

ID. — CONVERSION BY WAREHOUSEMAN — SALE BY ASSIGNEE IN INSOLVENCY — ACTION BY MORTGAGEE. — The mortgagee of the growing crops, who is also assignee of the warehouse receipt of the harvested crops, may maintain an action for damages for conversion of the crops against the warehouseman, if the latter delivers them to a vendee of the assignee in insolvency.

APPEAL from a judgment of the Superior Court of San Luis Obispo County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Graves, Turner & Graves,* for Appellant.

*Venable & Goodchild,* for Respondent.

The COURT. — Action to recover damages for the conversion, by defendant, of certain personal property, con-

sisting of beans and barley grown upon land farmed by one Dodge, in the county of San Luis Obispo, in 1888. Judgment was rendered in favor of the plaintiff, and from this, and an order denying its motion for a new trial, defendant appeals.

The court below found, in substance, that in May, 1888, the said Dodge duly mortgaged to plaintiff the said beans and barley then growing to secure the sum of fifteen hundred dollars and interest, which mortgage was properly recorded; that between May 31, 1888, and October 27, 1888, the said Dodge, at the request of plaintiff, had the said property hauled from the land on which it was grown, and delivered to the defendant at its warehouse, instructing the person hauling it to store the same as the property of plaintiff, in accordance with plaintiff's request; that upon delivery of the first lot hauled, the defendant was notified that said property belonged to plaintiff, and that the delivery was made for him; that from time to time, as delivered, the defendant gave to the teamster of Dodge who hauled it tags of weight, reciting that the same was received from said Dodge, and not naming the plaintiff. On October 27, 1888, Dodge surrendered these tags to defendant, and requested the agent in charge of defendant's warehouse to issue a warehouse receipt to plaintiff for said property, but that the agent issued such receipt in favor of said Dodge, the said Dodge protesting that the same should show that said beans and barley were stored for plaintiff. Plaintiff did not know that the property had been stored in the name of Dodge, until October 28, 1888, when he was informed of that fact by Dodge, and of the further fact that the same had been attached on the day before by one Aaron, in a suit against Dodge. On the 29th of October, Dodge indorsed and assigned the warehouse receipt to plaintiff, and the defendant was on the same day notified by plaintiff that he was the owner of the property. After this assignment, and upon the same day, Dodge filed his peti-

tion in insolvency, and was thereupon adjudged insolvent. Aaron was appointed assignee in the insolvency proceedings, and, as such, sold the property in controversy to one Sinsheimer, and on December 17, 1888, the defendant, by order of said Sinsheimer, shipped the same, and without the knowledge or consent of plaintiff, to the consignee of said Sinsheimer in San Francisco.

1. These findings support the judgment. The lien of respondent's mortgage was not lost by his permitting the mortgagor, Dodge, to haul the mortgaged property from the land on which it was grown, and its storage in defendant's warehouse, under the circumstances disclosed in the findings. (*Byrnes* v. *Hatch*, 77 Cal. 244.) The neglect or refusal of defendant's agent to issue a receipt showing that the property was stored in the warehouse for the plaintiff did not change the effect of the agreement, made between plaintiff and his mortgagor, Dodge, as to the way in which it should be stored, so as to destroy the mortgage lien in favor of the assignee of the insolvent, Dodge. The attachment proceedings need not be considered, as the attachment was dissolved when Dodge was adjudged insolvent.

2. The assignment of the warehouse receipt made by Dodge to the plaintiff on the day of the filing of Dodge's petition in insolvency was not void as a preference under section 55 of the Insolvent Act. As the value of the property was less than the debt for which it was mortgaged, nothing was withdrawn from the reach of the assignee representing the creditors of Dodge, and if it be conceded that the effect of this transaction was in form a transfer of the legal title to the property described in the receipt, it was nevertheless valid as against the assignee. (*Catlin* v. *Hoffman*, 2 Saw. 486.)

The other assignments of error do not require special discussion.

Judgment and order affirmed.