[Civ. No. 4436. Second Appellate District, Division Two.—October 25, 1927.]

E. M. CAMPODONICO, Respondent, v. SANTA MARIA BEAN AND GRAIN COMPANY (a Corporation), Appellant.

Preisker, Preisker & Goble for Appellant.

Fred A. Shaeffer for Respondent.

WORKS, P. J.—The plaintiff in this action was the holder of a mortgage on a growing crop of oats which was the property of the mortgagor, one Sutton. While the latter was engaged in threshing the oats, on his own land, it was agreed between him and plaintiff that he, Sutton, would convey the threshed grain to a certain warehouse and would there store it in plaintiff's name. Sutton hauled the grain to the warehouse, but stored it in his own name, that is, he took warehouse receipts showing a storage by himself instead of by plaintiff. Later he sold and conveyed the oats to defendant by indorsing to it the warehouse receipts. Sutton failed to pay the mortgage debt and decamped with the proceeds of the sale of the grain. Defendant had both actual and constructive notice of the fact that Sutton's crop was under mortgage to plaintiff. This action was commenced for the purpose of procuring judgment for the amount due on the promissory note for the payment of which the mortgage was security. Judgment was rendered accordingly and defendant appeals.

Appellant contends that the complaint failed to state a cause of action, that certain findings of the trial court were not sustained by the evidence, and that the evidence failed to support the judgment. All of these points depend for solution upon the single general question whether defendant was liable to plaintiff upon the facts above stated.

It is undoubtedly the general rule that the lien of a mortgage on a growing crop is lost by a removal of the crop from the land to which it was attached (*Horgan* v. *Vanetta*, 107 Cal. 27 [40 Pac. 22]), but the rule has its notable exceptions. One of these exceptions, for instance, operates in those cases in which the removal of the crop is tortious (*Chittenden* v. *Pratt*, 89 Cal. 178 [26 Pac. 626]; *Bank of Woodland* v. *Duncan*, 117 Cal. 412 [49 Pac. 414]), when, under certain circumstances, the lien of the mortgage is superior to asserted rights of third persons. Closely akin to such cases are those in which the removal, although not actually tortious, is followed by such acts as those committed by Sutton in the present instance.

In the first case in which the exact question here presented was mentioned the mortgagor, indeed, was guilty of no wrongful act. He, one Pullen, had mortgaged a crop of

hay to one McDermott. The latter, when the hay was grown, directed Pullen to convey it to a warehouse not on Pullen's land. This the latter did, and he thereafter executed a bill of sale of the hay to McDermott. The property was then attached by a creditor of Pullen and was taken into the custody of the sheriff. McDermott thereafter sold the hay to one Byrnes, who then brought suit against the sheriff to recover possession of it. The plaintiff's title was upheld because of the bill of sale from Pullen to McDermott, but in its opinion on appeal the court employed this language: ''The testimony tended to show that the hay was hauled to the warehouse by Pullen, at the request of and as the agent for McDermott, and this being so, we are not prepared to say that McDermott did not have a lien on the hay after it was placed in the warehouse for the full amount of money represented by his note and mortgage'' (*Byrnes* v. *Hatch,* 77 Cal. 241 [19 Pac. 482]). If these expressions, *obiter* as they are, indicate the true state of the law, then the plaintiff here preserved the lien of the crop mortgage, or created a new lien equivalent to it, through her agreement with Sutton for a removal of the oats to the warehouse and for a storage there in plaintiff's name. Under the agreement, then, Sutton was a mere agent for the purpose of warehousing the oats for plaintiff.

In a later case the supreme court determined the law to be as hinted in *Byrnes* v. *Hatch,* although, again, there was no wrongful act upon the part of the mortgagor. One Dodge had mortgaged a growing crop to one Campodonico. When the crop was grown the latter requested Dodge to store it in a warehouse as the property of Campodonico. The crop was taken to the warehouse accordingly and the warehouseman was asked to issue a receipt in the name of Campodonico. This he did not do, but issued it in the name of Dodge, over the protest of the latter. These facts were later reported by Dodge to Campodonico, but in the meanwhile the crop had been attached by a creditor of Dodge. After the attachment the property, without the knowledge or consent of Campodonico, was transported outside the county and to a distant part of the state. Campodonico then brought suit against the warehouseman for damages as upon a conversion of the crop. In affirming a judgment for the plaintiff the supreme court said: ''The

lien of respondent's mortgage was not lost by his permitting the mortgagor, Dodge, to haul the mortgaged property from the land on which it was grown, and its storage in defendant's warehouse, under the circumstances disclosed in the findings. (*Byrnes* v. *Hatch*, 77 Cal. 244 [19 Pac. 482].) The neglect or refusal of defendant's agent to issue a receipt showing that the property was stored in the warehouse for the plaintiff did not change the effect of the agreement, made between plaintiff and his mortgagor, Dodge, as to the way in which it should be stored, so as to destroy the mortgage lien . . . " (*Campodonico* v. *Oregon Improvement Co.*, 87 Cal. 566 [19 Pac. 482].)

We think the present case is stronger than the two which we have cited for the reason that Sutton violated his agreement with respondent and endeavored wrongfully to vest in himself a paper title to the oats. The case is, therefore, as between Sutton and respondent, at least, somewhat like those in which mortgaged crops are tortiously removed from the land to which they are attached. Sutton surely held the warehouse receipt for respondent, and he could not profit by his wrong to the exclusion of the rights of respondent in the crop of oats. We think that respondent's lien was preserved under these circumstances and that appellant, having had actual and constructive notice of the existence of the lien—although the latter kind of notice would be enough—took the crop subject to it. In addition to the cases already cited, we think this conclusion finds support in *Crosby* v. *Fresno Fruit Growers' Co.*, 30 Cal. App. 308 [158 Pac. 1070].

Judgment affirmed.

Craig, J., and Thompson, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 22, 1927.