[Civ. No. 7080. First Appellate District, Division Two.—January 2, 1930.]

PACIFIC FRUIT EXCHANGE (a Corporation), Respondent, v. F. E. BOOTH CO. (a Corporation), Appellant.

J. H. Morris for Appellant.

Athearn, Chandler & Farmer, Frank R. Devlin, and Walter Hoffman for Respondent.

KOFORD, P. J.—Plaintiff holds a crop mortgage on the crops of the seasons of 1925 to 1932, inclusive, grown on the ranch of W. J. Smith and wife in Sacramento County. In 1927 defendant, in consideration of money previously advanced, purchased and received from said Smith a part of the pear crop grown on said ranch that year. By this action plaintiff recovered judgment against defendant for the value of the said mortgaged pears after deducting the share-tenant's part for maturing the same. Defendant appeals.

The complaint was in three counts. The first sets forth the facts in detail, stating a cause of action in conversion, either upon the theory of a violation of the crop mortgagee's rights or of a violation of a special agreement alleged to have been made between all parties concerned that appellant would hold the pears only for the use and benefit of respondent. ■ The second and third causes of action were common counts *in assumpsit*. It was not necessary for respondent to prove an express promise on the part of appellant in order to recover judgment *in assumpsit*. The law implies a promise to pay for the conversion. The evidence, therefore, supports the findings in favor of respondent upon the common counts. (*Lehmann* v. *Schmidt*, 87 Cal. 15 [25 Pac. 161]; *Chittenden* v. *Pratt*, 89 Cal. 178 [26 Pac. 626]; *Corey* v. *Struve*, 170 Cal. 170 [149 Pac. 48]; *Fountain* v. *City of Sacramento*, 1 Cal. App. 461 [82 Pac. 637].)

The main contention of appellant upon this appeal is that the respondent is estopped from asserting its mortgage on the pears delivered to defendant in 1927 because of respondent's conduct in permitting the mortgagor, Smith, to sell them in previous years during the existence of the mortgage. The appellant's answer does not plead such an estoppel but pleads as an affirmative defense that Smith was the ostensible agent of respondent in 1927 and that respondent had for two years prior thereto held out and represented said Smith and wife to be its lawful agents with actual and ostensible authority to sell the pears and receive payment therefor. The court found this defense untrue. The exact nature of the estoppel now claimed by appellant, regardless of what is pleaded in the answer, is not made clear. Assuming that the record before us makes available to appellant all its claims in this respect, the evidence by no means compels the decision that respondent was estopped, either from asserting its mortgage or from disputing Smith's authority to make a valid sale on its behalf. Respondent did allow Smith to sell and retain for his own use the proceeds of some local shipments in 1925 and 1926, but there was no evidence to show any conduct by respondent indicating that such arrangement would be continued throughout the life of the mortgage. In April, 1927, respondent told Smith that this would no longer be permitted. On June 7, 1927, before any of the pear crop had been removed, respondent, wrote appellant formally notifying it of the existence of the mortgage and wrote again to the same effect on July 30, 1927. On June 10, 1927, a general conversation about the mortgage was held between the parties but it resulted in no agreement. The amount in value of pears for which appellant was made responsible to respondent by the judgment appealed from was $2,249.13. Appellant had in previous years advanced Smith more money than the value of fruit delivered by him to it in those years. The excess was carried on its books from year to year as a debt and was evidenced by unsecured interest-bearing promissory notes. The amount carried over from 1923 was $1450.42. This was before the date of the present mortgage. The balance carried over from 1926 was $1937.72. From January 5, 1927, to June 5, 1927, appellant advanced Smith seven further payments

of $100 each. Respondent is not charged by the evidence with knowledge of any advances made by appellant to Smith. There appears to have been no agreement of sale, sale, or delivery of the 1927 pear crop to appellant before the time actual notice of the mortgage had been received by appellant. Appellant, therefore, was only a general unsecured creditor relying for payment upon the general solvency and credit of Smith. Appellant had nothing for protection against Smith's selling or mortgaging to others the pear crop or any other crop of 1927. Even if the advance of money had given appellant an interest in the crop, appellant would have had more reason to fear that some crop mortgagee would claim an estoppel against it than to claim an estoppel against the owner of a recorded crop mortgage, past or future. Substantially no better reason existed in this case to apply an estoppel for the protection of appellant than to apply one in favor of any other general creditor. While it no doubt is possible for a mortgagee to so conduct himself or to become estopped from asserting his mortgage, it certainly will not be contended that the owner of a valid recorded crop mortgage must occupy himself with giving actual notice thereof to potential or actual general creditors of his mortgagor. This case presents no better reasons for an estoppel than *Chittenden* v. *Pratt, supra,* where an estoppel was denied. Actual notice of the recorded mortgage was not necessary to its validity, but it may be considered as rebutting any showing in the direction of estoppel. As the evidence indisputably shows actual notice of the mortgage before the earliest time that any interest in the crop was attempted to be passed to appellant, no claim of estoppel by failure to assert the mortgage can be made.

The appellant's present claim, that respondent, by its conduct in previously allowing Smith to sell pears and keep the money, is estopped from asserting an interest in the crop is inconsistent with appellant's other claim that Smith was the ostensible agent of respondent. To assert an interest in the crop acquired through Smith as the agent of the mortgagee is to acknowledge the mortgage and mortgagee as the source of title. If appellant claims Smith to be the agent of the respondent, it cannot complain if made to pay that agent's principal for the fruit purchased.

The previous advances of money to Smith personally, evidenced by his personal notes, do not constitute payment for fruit purchased from respondent through its alleged agent, Smith.

The mortgage did not become void under Civil Code, section 2965, because it was not recorded in Alameda County before the pears were received there by appellant and put through its cannery. This occurred before the expiration of the thirty-day period of grace allowed by Civil Code, section 2965, for the recording of a mortgage in the county to which mortgaged personal property is removed. ■ A chattel mortgage remains good and subsisting for the period of thirty days after the removal of the property from the county where the mortage was recorded. One who purchases such property within such period in the county to which it has been removed is guilty of conversion in appropriating the same. (*Hammels* v. *Sentous,* 151 Cal. 520 [12 Ann. Cas. 945, 91 Pac. 327].) Appellant states that Civil Code, section 2965, does not apply where the goods have been tortiously removed. ■ The severance of mortgaged crops if done tortiously does not destroy the mortgage lien. (*Bank of Woodland* v. *Duncan,* 117 Cal. 412 [49 Pac. 414] ; *Campodonico* v. *Santa Maria Bean & Grain Co.,* 86 Cal. App. 339 [260 Pac. 830].) We need make no nice decision, therefore, as to whether the pears were converted in Sacramento County or Alameda County. According to the decisions, appellant tortiously severed and converted the pears as against respondent when it purchased them from Smith, received them from Smith, and canned them, even though it may not have manually severed them from the trees and transported them from the ranch. (*Dodge* v. *Meyer,* 61 Cal. 405, 420; *Chittenden* v. *Pratt, supra.*)

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.