[Civ. No. 7735.   Third Dist.   Feb. 21, 1950.]

SOHAN SANDHU, Respondent, v. W. MAIN et al., Defendants; SEABOARD FINANCE COMPANY (a Corporation), Appellant.

Bromley, Ritter & Lindersmith and Ralph Robinson for Appellant.

Coffee & Wolfe for Respondent.

SPARKS, J. pro tem.*—Defendant Seaboard Finance Company, a corporation, has appealed from a judgment awarding plaintiff, Sohan Sandhu, damages in the sum of $1,400 for the value of an International tractor, and $240 for the loss of its use.

There is no material controversy as to the facts. They disclose that in November, 1946, the tractor in question was owned by one W. Main and situate in San Joaquin County. In that month Main executed a chattel mortgage on the vehicle to defendant Seaboard Finance Company for $2,000. This mortgage was recorded in San Joaquin County on November 22, 1946. Thereafter Main sold the tractor to Henry R. Sam, his stepson, for $1,700, and not only failed to apprise Sam of the mortgage but instead assured him that there were no encumbrances on it. On or about July 7, 1947, Sam removed the tractor from San Joaquin to Madera County and kept it there continuously until he sold it on September 10, 1947, to plaintiff Sandhu. Sandhu paid Sam $1,400 for the vehicle and had no knowledge of the mortgage of the Seaboard Finance Company or of any other defect of title. Appellant's chattel mortgage had not been recorded in Madera County or in any county other than San Joaquin. Meanwhile, W. Main defaulted on his payments to Seaboard Finance Company and departed, leaving no forwarding address. The amount due and owing on the chattel mortgage was $1,831.91. Seaboard Finance Company instituted a search for the vehicle, located it sometime in the month of June or July in 1948 in Madera County and took it from the possession of plaintiff. It was subsequently sold by appellant and passed into the hands of persons outside the jurisdiction of the trial court.

It is appellant's contention that respondent Sandhu acquired no better title to the tractor than that held by the party from whom he had purchased, namely, Henry Sam. The latter, of course, purchased the property in San Joaquin County, where appellant's chattel mortgage was on record, and of which Sam had constructive notice. It is urged then

---

*Assigned by Chairman of Judicial Council.

that since the sale from Main to Sam was without the knowledge or consent of appellant and subject to its mortgage, that when Sam took the tractor to Madera County and claimed to be the owner thereof, he committed a conversion.

Respondent, on the other hand, maintains that appellant had lost its lien upon the tractor prior to the time it was repossessed, and that Sandhu as a bona fide purchaser for value without notice had acquired an unencumbered title and that consequently appellant was liable in damages for the unlawful taking of the vehicle.

■ The effect upon a chattel mortgage lien of removing the mortgaged property from the county in which it is situate to another county has in this state been defined by legislative enactment. Section 2965 of the Civil Code provides as follows:

"When personal property mortgaged (other than animate personal property mortgaged by a resident of this state, and motor vehicles and other vehicles defined in and the mortgaging of which are regulated by the California Vehicle Act), is removed from the county in which it is situated, the lien of the mortgage shall not be affected thereby for thirty days, after such removal; but, after the expiration of such thirty days, said property mortgaged, is exempted from the operation of the mortgage, except as between the parties thereto, until either:

"1. The mortgagee causes the mortgage to be recorded in the county to which the property has been removed; or

"2. The mortgagee takes possession of the property as prescribed in the next section."

By virtue of this section the mortgage lien continues for only a period of thirty days. Thereafter the property is exempted from the lien unless the mortgagor either causes the mortgage to be recorded in the county to which the property has been removed, or takes possession of the property and sells it as a pledge.

Here the undisputed facts show that the tractor was removed to Madera County in July, 1947, and remained there for a period of three months prior to its sale to respondent. During this period of time appellant neither caused its mortgage to be recorded in Madera County nor took possession of the vehicle. Respondent being an innocent purchaser in good faith and for value during this period of exemption, and without notice either actual or constructive of appellant's mortgage, acquired title free and clear of encumbrance.

(*Hopper* v. *Keys,* 152 Cal. 488 [92 P. 1017]; *Kahriman* v. *Fitzgerald,* 85 Cal.App. 180 [259 P. 90].)

The cases of *Hammels* v. *Sentous,* 151 Cal. 520 [91 P. 327, 12 Ann.Cas. 945], and *Pacific Fruit Exchange* v. *F. E. Booth Co.,* 103 Cal.App. 54 [283 P. 944], relied upon by appellant, can be distinguished from the facts here for the reason that in both cases the sales of the mortgaged property after being removed to another county took place *during* and not after the expiration of the 30-day period, and consequently were properly held to be subject to the mortgage lien. There is a further distinction in that in both of these cases there was an actual conversion of the mortgaged property in the sense that it was changed from its original form to that of another. In *Hammels* v. *Sentous,* hogs were slaughtered and converted into meat, and in *Pacific Fruit Exchange* v. *F. E. Booth Co.* pears were picked from the trees and canned.

The fact that the mortgagor named did not himself remove the property from San Joaquin County, but instead sold it to Sam who effected the removal would in nowise alter the application of section 2965 of the Civil Code. Admittedly, the mortgage lien was not divested from the property by such sale, and remained attached to the vehicle when it was removed to Madera County and continued so attached until 30 days thereafter.

As pointed out in the case of *Hopper* v. *Keys, supra,* the authority for the creation of chattel mortgages in this state derives its force from the statutory provisions relating to the subject. It is necessary to comply with the requirements of the statute and strictly to observe its provisions in order to protect and preserve the rights accruing under such mortgages. In this connection the court said on page 493:

". . . That the recordation of the mortgage, under our present system, is one of the necessary and indispensable requisites to protect the rights of the mortgagee against creditors of the mortgagor and subsequent purchasers and encumbrancers of the property in good faith and for value, is a self-evident proposition. 'It must be remembered, in general, that the policy of the law is against secret liens and charges to the injury of innocent purchasers or encumbrancers for value, and in particular, that mortgages of personal property are permitted only in certain specified cases, and then only upon the observance of certain formalities, designed to insure good faith, and to *give notice to the world* of the character of the transaction.' (*Palmer* v. *Howard,* 72 Cal. 293, [1 Am.St.

Rep. 60 and note, 13 P. 858].)   What 'notice to the world' is must be and is committed to the legislative judgment.''

The California Legislature has thus seen fit to declare that the recordation of a chattel mortgage in the first instance is not sufficient to keep the lien alive for longer than thirty days if the mortgaged property be subsequently removed from the county where it was situate.   Thereafter the mortgagee may proceed in alternate ways as set forth in the statute in order to protect his rights under the mortgage.   When he fails to do so it must be held that an intervening bona fide purchaser for value and without actual notice of the mortgage, as in this case, acquires a title free and clear of the mortgage lien.

The judgment is affirmed.

Adams, P. J., and Peek, J., concurred.