The facts in the case, and questions of law argued by counsel, appear from the opinion of the Court, which was drawn up by
Appleton, C. J.
On Jan. 31st, 1853, Samuel Springer and Charles L. Mott mortgaged their furnace building, shop, furnaces, flasks, &c., &c., to Thomas Tolman, to secure two notes, each for $250, one payable July 13, 1853, and the other Dec. 13, 1853. This mortgage was assigned on 7th Aug., 1854, to the plaintiff, but, on the trial of this case, he *128 produced neither of the notes referred to therein. Instead thereof, he offered in evidence a note signed by Charles L. Mott, payable to himself, for §222,83, and dated 7th Aug., 1854,-claiming this to be given in renewal of the mortgage notes. But it will be perceived that the note produced, varies from those described in the mortgage in date, amount, ^time of payment and in the names of the payor and payee. It is undoubtedly true, that the renewal of a note secured by mortgage is not such a payment as will discharge the mortgage, unless so intended. Hadlock v. Bulfinch, 31 Maine, 246. But if it were competent to show a note thus variant from, to have been given in renewal of, the notes secured, the plaintiff has failed so to do. Mott was a witness, but he testified to no such fact. His statements, whether oral or written, as to past renewals, might be admissible as against him, but not as to third persons. As the plaintiff has neither of the mortgage notes, and has not proved the one offered to have been given in renewal of the same, he must, so far as relates to the Tolman mortgage, fail.
The plaintiff next claims under a mortgage from Mott to him, dated August 7th, 1854, to secure $77, to be paid Dec.' 31st, 1854. The debt secured being due and unpaid at the time of the attachment of the defendant’s deputy Nye, the mortgagee was entitled to immediate possession of the mortgaged property. True, he had suffered the mortgager to' remain in possession, but no agreement has been proved by which he was at. any time precluded from taking possession of the goods mortgaged. It is the common case of an attachment of goods, the time of payment specified in the mortgage having elapsed. The defendant is liable for the unlawful interference of his deputy with the property of the plaintiff. Melody v. Chandler, 3 Fairf., 233; Foster v. Perkins, 42 Maine, 168 ; Staples v. Smith, 48 Maine, 47.
By R. S., 1841, c. 117, § 38, an attachment of mortgaged property is authorized, the creditor ” first paying or tendering to such mortgagee, pledgee, or holder, the full amount of the debt for which it was so mortgaged or pledged; and *129 any property so redeemed, may be sold on execution as any other personal property.” But this preliminary of a payment or tender of the mortgage debt, was not complied with. As the mortgage was valid, the attachment was unauthorized. Foster v. Perkins, 42 Maine, 168.
This suit, it must be remembered, was commenced before the statute of 1859, c. 114, "relating to the attachment of mortgaged property,” and therefore does not fall within its provisions.
There was no confusion of goods, as it is technically termed. The articles in dispute were more easily distinguished from those belonging to the judgment debtor than in the case of Tufts v. McClintock, 28 Maine, 424. If there was any intermingling, it was by the act of the mortgager, for which the mortgagee should not suffer. Willard v. Rice, 11 Met., 494.
The mortgage from Mott to the plaintiff was recorded in the office of the town clerk of Westbrook, where the mortgager then resided. The property mortgaged, at the time of its attachment, was at Rendall’s Mills in the county of Somerset, to which place the mortgager had removed.
By R. S., 1841, c. 125, § 32, a mortgage of personal property is not valid, unless the mortgagee takes and retains possession thereof, " or, unless the mortgage has been or shall be recorded by the clerk of the town whore the mortgagor resides.” The statute requires a mortgage of personal property to be recorded but once, and that at the place of residence of the mortgager. The Court cannot add to the requirements of the statute. The mortgage has been recorded according to its provisions, Being thus recorded, the rights of the mortgagee will be protected and enforced throughout the State. Whitney v. Heywood, 6 Cush., 82; Brigham v. Weaver, 6 Cush., 298; Esson v. Tarbell, 9 Cush., 407; Langworthy v. Little, 12 Cush., 107.
The mortgage to the plaintiff would seem to embrace the articles previously mortgaged to Tolman. The evidence adduced does not satisfy us that this mortgage has been paid.
*130 It does not appear very clearly what articles were removed by Nye. The schedule made at the time is lost. Some of the articles sued for were returned as attached, and additional ones were sold on the execution. From the evidence, the officer, should be held responsible for what was attached and for what was sold on execution.
The cart hub pattern and two sets of stove patterns were returned on the writ, and five sets óf damper patterns and two sets of barn door rolls were sold on the execution. These- articles, when taken, were of the value of $86, for which sum with damages, at six per cent, interest, from the date of the attachment, judgment must be rendered.
Defendant defaulted for $86, and interest from December 30, 1856.
Rice, Cutting, Davis, Walton and Dickerson, JJ., concurred.