[No. 11168.   Department One. — July 23, 1886.]

## ELLEN M. WILSON, RESPONDENT, v. W. H. PROUTY, APPELLANT.

CHATTEL MORTGAGE — GROWING CROP — TORTIOUS REMOVAL DOES NOT DESTROY LIEN — CONVERSION. — The lien created by a duly recorded chattel mortgage on a growing crop is not destroyed by the tortious removal of the crop from the land of the mortgagor by a third person having constructive notice of the lien. In such a case, section 2972 of the Civil Code does not apply, and the mortgagee may maintain an action against the person removing the crop for its conversion.

APPEAL from a judgment of the Superior Court of Sacramento County, and from an order refusing a new trial.

The action was brought to recover damages for the conversion of a growing crop on which the plaintiff held a chattel mortgage. Judgment was rendered in favor of the plaintiff. The further facts are stated in the opinion of the court.

*Grove L. Johnson*, for Appellant.

*Freeman & Bates*, for Respondent.

ROSS, J.—The case shows that the plaintiff leased to one McCafferty a tract of land, upon which he planted a crop of barley, and upon which crop he executed to plaintiff a chattel mortgage, which was duly recorded. After the crop was harvested, and while it yet remained upon the land on which it was grown, McCafferty, who was indebted to the defendant, turned over to the latter a certain portion of it, which portion defendant caused to be hauled away and converted to his own use.

It is contended for the appellant that, in so far as the barley in question is concerned, the lien held by the plaintiff terminated upon its removal from the land upon which it was grown, by virtue of section 2972 of the Civil Code, which reads: "The lien of a mortgage on a growing crop continues on the crop after severance, whether remaining in its original state or converted into another product, so long as the same remains on the land of the mortgagor." It was held in *Martin* v. *Thompson*, 63 Cal. 4, that there is nothing in this language which demands such construction as that the lien shall be lost as a consequence of the tortious removal of the crop by a third person. In the present case, defendant, who at least had constructive notice of plaintiff's lien, went upon the land on which the grain was grown, and upon which it then was, and upon which grain there was then a valid subsisting lien in plaintiff's favor, and himself caused the grain to be removed from the land and converted. He could not thus destroy the lien of plaintiff. In principle the case is covered by that of *Martin* v. *Thompson, supra*.

The lien continuing, there can be no doubt of the plaintiff's right to maintain the action for the conversion. (Jones on Chattel Mortgages, sec. 445, 490.)

Judgment and order affirmed.

MCKINSTRY, J., and MYRICK, J., concurred.