[Sac. No. 9.   In Bank.—December 14, 1896.]

# B. A. FASSETT, APPELLANT, v. JOHN H. WISE, ET AL., RESPONDENTS.

CHATTEL MORTGAGE—REMOVAL OF MORTGAGED PROPERTY PRIOR TO REC-
ORD—PLACE OF RECORD—ATTACHMENT.—Where personal property,
subject to a chattel mortgage, has been removed by the mortgagor
from the county where the mortgage was executed, and where the
property was situated and the mortgagor resided at the time of the ex-
ecution of the mortgage, and before it has been recorded in such county,
it must be recorded in the county to which the property has been re-
moved by the mortgagor, otherwise it is void as to creditors and subse-
quent purchasers and encumbrancers in good faith, and may be seized
under attachment against the mortgagor, if remaining in his possession
at the time of the levy; and a subsequent recordation by the mortgagee
in the county where the property was originally situated, made after
its removal, and before the attachment, cannot avail as against the at-
taching creditor.

APPEAL from a judgment of the Superior Court of Tulare County and from an order denying a new trial. WILLIAM J. CROSS, Judge.

The facts are stated in the opinion of the court.

*Denson & De Haven,* and *Bradley & Farnsworth,* for Appellant.

The place of residence of the mortgagor at the time the mortgage is executed determines the place where it should be recorded or filed. (Civ. Code, secs. 2959, 2965; Jones on Chattel Mortgages, secs. 251, 260; Cobbey on Chattel Mortgages, secs. 573, 576; Pingrey on Chattel Mortgages, sec. 362; *First Nat. Bank* v. *Weed,* 89 Mich. 357; *Barrows* v. *Turner,* 50 Me. 127; *Cool* v. *Roche,* 20 Neb. 550; *Harris* v. *Allen,* 104 N. C. 86; *Hoit* v. *Remick,* 11 N. H. 286; *Whitney* v. *Heywood,* 6 Cush. 82; *Smith* v. *McLean,* 24 Iowa, 323; *Wilkinson* v. *King,* 81 Ala. 156.) The chattel mortgage, in point of time, attached prior to the levying of the attachment. (*Meharin* v. *Oaks,* 67 Cal. 57; Jones on Chattel Mortgages, sec. 270; *Hoyt* v. *San Francisco etc. R. R. Co.,* 87 Cal. 610; *Lockwood etc. Co.* v. *Crawford,* 29 Kan. 286.) Delay in recording it did not vitiate it. (*Berson* v. *Nunan,* 63 Cal. 561; *Fette* v. *Lane* (Cal.), 37 Pac. Rep. 916; *Harms* v. *Silva,* 91 Cal. 640; Jones on Chattel Mortgages, sec. 237; *Wilson* v. *Leslie,* 20 Ohio, 166; *Hicks* v. *Williams,* 17 Barb. 527; *McVay* v. *English,* 30 Kan. 368; *Mitchell* v. *Black,* 6 Gray, 100; *Sawyer* v. *Turpin,* 91 U. S. 119.)

*E. O. Larkins,* and *U. T. Clotfelter,* for Respondents.

The mortgage must be recorded in the county where the mortgagor resides, and also where the property is situated, or if the property has been removed (before the recording takes place), it must also be recorded in the county to which it has been removed. (Civ. Code, secs. 2957, 2959, 2965; Code Civ. Proc., sec. 1858; *Ex parte Reis,* 64 Cal. 240.) Fassett delayed recording his

mortgage for more than six weeks after its execution, and it is, therefore, fraudulent and void against Nunes' creditors. (Civ. Code, sec. 2957; *Beamer* v. *Freeman,* 84 Cal. 556; *Woods* v. *Bugbey,* 29 Cal. 472; *Pearce* v. *Boggs,* 99 Cal. 344; *Murphy* v. *Mulgrew,* 102 Cal. 550; 41 Am. St. Rep. 200; *Gassner* v. *Patterson,* 23 Cal. 301; *Karst* v. *Gane,* 136 N. Y. 316; *Odd Fellows' Sav. Bank* v. *Banton,* 46 Cal. 607; *Drew* v. *Streeter,* 137 Mass. 460; *Cutler* v. *Steele,* 85 Mich. 627; *Goll & Frank Co.* v. *Miller,* 87 Iowa, 426.) The registration did not relate back to the execution of the mortgage. (*Simpson* v. *Harris,* 21 Nev. 353; Stats. of Nev., 1885, p. 53.) The suppression of a chattel mortgage until a critical moment is a badge of fraud, as to creditors, and it will be denied validity. (*Jaffrey* v. *Brown,* 29 Fed. Rep. 481; *Blannerhassett* v. *Sherman,* 105 U. S. 100; *Gill* v. *Griffith,* 2 Md. Ch. 270.) As to notice, see *Lundberg* v. *Northwestern etc. Co.,* 42 Minn. 37; *Rosenbaum* v. *Foss,* 4 S. Dak. 184; *Mason* v. *Vestal,* 88 Cal. 396; 22 Am. St. Rep. 310.

TEMPLE, J.—This case involves the right of defendants to seize under attachment against Nunes a certain flock of sheep. Nunes owned the sheep, but it is claimed that plaintiff had a chattel mortgage upon them and the levy was made regardless of the alleged mortgage. Christy & Wise were creditors of Nunes, and the question is whether the mortgage was valid against creditors, and this depends upon the question whether it had been recorded as required by law.

The mortgage was executed on the fourteenth day of March, 1894, in Kings county, where the sheep then were and where Nunes then resided. The property was removed to Tulare county April 3d following, the mortgage not yet having been recorded anywhere. The mortgage was recorded for the first time in Kings county on the 28th of the same month, at 4:30 P. M. At 5:30 P. M. of the same day the property was attached in Tulare county at the suit of defendants. On the 30th

of the month—that is, two days after the attachment—
the mortgage was recorded in Tulare county.

The Civil Code, section 2957, prescribes that the mort-
gage shall be void as to creditors unless recorded.    Sec-
tion 2959 reads as follows: " A mortgage of personal
property must be recorded in the office of the county
recorder of the county in which the mortgagor resided,
and also of the county in which the property mortgaged
is situated or to which it may be removed."

In section 2965 it is provided that, in case property
mortgaged shall thereafter be removed to another county,
it shall be void as to creditors unless it is recorded in
such county within thirty days after the removal, or the
mortgagee shall take possession as provided in the next
section.

For the plaintiff it is contended that the provision in
section 2959, that the mortgage must be recorded where
the mortgagor resides, and where the property is situated,
refers to the time of the execution of the mortgage, and
that if the mortgage is recorded in those places before
there are intervening rights, it becomes operative as to
the whole world, although when recorded in the county
where the property was situated at the time of the execu-
tion of the mortgage the property had been removed to
another county.    That section 2965 then comes into ef-
fect, and the mortgagee has thirty days after the removal
of the property within which to record the mortgage in
the county to which the removal was made.

I cannot agree altogether with this conclusion.    I
think the recordation directed in section 2959 is that
required by section 2957 to render the mortgage opera-
tive at all as against creditors.    On the other hand, sec-
tion 2965 plainly speaks of a removal which has taken
place after the mortgage has been recorded so as to be
effectual against creditors.    The clause, therefore, "or
to which it may be removed," cannot be helped out or
explained by reference to section 2965.    The recorda-
tion provided for in that clause must be one which may,
with other acts, avail to make the mortgage operative as

to creditors and others in the first instance. Section 2965 adds a sort of condition subsequent, which, if not complied with, may defeat the mortgage after it has been recorded so as to be operative as against creditors.

I am inclined to agree with the construction to the extent of holding that "resides" and "is situated" refer to the time of the execution of the mortgage. That construction seems in accord with authority so far as we have authority upon that subject, and is, I think, the natural import of the language used. (Jones on Chattel Mortgages, sec. 267; Cobbey on Chattel Mortgages, sec. 573; Pingrey on Chattel Mortgages, sec. 362; *First Nat. Bank* v. *Weed*, 89 Mich. 357.)

I think that it was intended that the mortgage should be recorded at once, and, in such case, it would be recorded where the mortgagor then resided and where the property was then situated. But even if the mortgagee were to use due diligence in the recordation of his mortgage, still, if two records are required, both records cannot be made at once, and it has been elsewhere held that, even if not recorded at once, it is not void but becomes operative, as against creditors and others, when it is recorded as required by law.

It is not easy to give a definite meaning to the clause "or to which it may be removed." It is evidently highly elliptical. Something must be supplied. If I am right in the position that it cannot refer to a removal after the mortgage has once been recorded so as to be in force as against creditors, then it must refer to a removal after the execution of the mortgage, but before it has been properly recorded. It means, I think, simply this: " Or, if the property has been removed to another county, then in the recorder's office of that county." That is to say, if the property has been removed to another county after the execution of the mortgage, and before it has been recorded in the county where the property was situated at the time of its execution, then it must be recorded in the county to which the property has been so removed. Otherwise it is void

as to creditors and subsequent purchasers and encumbrancers in good faith.

In this case the property had been removed to Tulare county before the mortgage was recorded in Kings county, and the mortgage had not been recorded in Tulare county at the time of the levy. It was, therefore, void as to creditors, and Christy & Wise, it is found, were creditors. It may be added that the property, during the whole time, remained in the possession of the mortgagor until the levy.

The judgment is affirmed.

HARRISON, J., and HENSHAW, J., concurred.

VAN FLEET, J., dissenting.—I dissent. I agree with the construction of the statute contended for by plaintiff.

McFARLAND, J., concurring.—I concur in the judgment of affirmance, and in most of the opinion of Mr. Justice Temple. I do not think that a chattel mortgage, which has never been recorded in the county where the property was situated at the time of the recordation, is good against a creditor or subsequent purchaser. Surely the latter is entitled to some reasonable opportunity of discovering whether or not there is a recorded mortgage on property which he contemplates buying or attaching. Upon inquiry, he learns that the property has, for several weeks, been in the county where it then is, and that there is no recorded mortgage in that county. Inquiring further, he finds that the property had several weeks before been brought from another county, where it had been continuously for several months previous to that time, and no mortgage had been recorded there. He thus learns that there has been no mortgage recorded in either county, and that there then could be no valid recordation except in the county where the property was then situated. Under these circumstances he could, in my opinion, safely proceed to purchase or attach. Section 2959 is no doubt somewhat obscure; but I think it is intended to provide for a case

where the property is removed soon after the execution of the mortgage and before its recordation, and to declare that *then* the recordation must be in the county to which it has been removed—the county where the property is then situated. Under appellant's contention, a mortgagee might refrain from recording his mortgage until long after the property had been removed to a distant county, and then, getting information of a proposed sale or attachment where the property then was, defeat it by suddenly recording his mortgage in the original county. I do not think that the statute gives countenance to such strategy.

GAROUTTE, J., dissenting.—The facts may be stated briefly as follows:

1. On March 14, 1894, plaintiff's mortgage was executed, and, at that date, the mortgagor resided in Kings county, and the mortgaged property was also there situated.

2. The mortgaged property was thereafter, on April 3, 1894, and before the mortgage was recorded anywhere, removed to the county of Tulare, where it was attached by the defendants, on April 23, 1894, after plaintiff's mortgage had been recorded in the county of Kings, but before its recordation in the county of Tulare.

Upon the foregoing statement of facts the only question presented is: Was the mortgage of plaintiff recorded in the manner required by law, before the levy of the attachment under which the defendants justify? For, if it was so recorded, then plaintiff is entitled to a judgment upon the findings. And the solution of this question is dependent upon the true construction of two sections of the Civil Code. These sections read:

"SEC. 2959. A mortgage of personal property must be recorded in the office of the county recorder of the county in which the mortgagor resides, and also in the county in which the property mortgaged is situated, or to which it may be removed."

"SEC. 2965. When personal property mortgaged is thereafter by the mortgagor removed from the county in which it is situated, it is, except as between the parties to the mortgage, exempted from the operation thereof, unless either, 1. The mortgagee, within thirty days after such removal, causes the mortgage to be recorded in the county to which the property has been removed; or 2. The mortgagee, within thirty days after such removal, takes possession of the property as prescribed in the next section."

A fair construction of section 2959 is that the mortgage must be recorded in the county where the mortgagor resides at the time of its execution. And, if the property is situated in a different county at that time, then the mortgage must also be recorded in the county where the property is then situated. Jones on Chattel Mortgages, section 251, says: "It is the place of residence of the mortgagor at the time the mortgage is executed, and not his place of residence at the time it is recorded or filed, that determines the place where it should be recorded or filed." Cobby on Chattel Mortgages, section 575, says: "The place of residence at the time it is executed, and not at the time it is filed, is what governs." While the text of these writers is not fully borne out by cases they have cited, owing to the peculiar language of the various statutes, under which these decisions were made, I think the general principle they have stated entirely sound; and the case of *First Nat. Bank* v. *Weed*, 89 Mich. 357, supports such a construction of our statute. We have statutes authorizing chattel mortgages in nearly every state in the Union. About one-half of these statutes provide in terms that the mortgage must be recorded where the mortgagor resides at the time the mortgage is executed, while the remainder are couched in language similar to our own. There does not appear to be a single statute of them all that in terms requires the mortgage to be recorded in the county where the mortgagor resides at the time the mortgage is recorded. And, in the deci-

sion of many cases under similar statutes from other states, the courts appear to assume without question that the residence of the mortgagor, and location of the mortgaged property, at the date of the execution of the mortgage, are the all-controlling elements.

It necessarily follows from the foregoing that the fact of the mortgage not having been recorded in Kings county until after the sheep were removed to Tulare county, is immaterial. That portion of section 2965 here involved means that the mortgagee had thirty days from such removal within which to record his mortgage in the county to which the property is removed, and that he loses no rights if he records his mortgage within that time. In the present case the mortgage was recorded in Kings county—the county in which the mortgagor resided, and in which the property was situated at the time of its execution—prior to the levy of defendants' attachment. And, although the attachment was levied upon the property in Tulare county prior to the recordation of the mortgage in Tulare county, still it was levied at a time before the thirty days had expired in which the mortgagee had the right to there record the mortgage. If this attachment is binding against the mortgagee, it would have been binding against him, if levied the very day the property passed into Tulare county, and thus the purpose of the statute in giving the mortgagee time in which to record his mortgage would be defeated, and the statute rendered unavailing for any purpose. By reason of the foregoing views, the case then presents itself exactly as though the property had never been removed to Tulare county, but had remained in Kings county, and this attachment had been levied there as of the time it was actually levied. Under such conditions, the writ of attachment being levied subsequent to the recordation of the mortgage, it should not prevail.

It is urged by respondent that the mortgage must be recorded immediately upon its execution, and, if not so recorded, it is void; but I find no law for such a con-

clusion.   The statute has no provision requiring imme-
diate recordation, and it would be judicial legislation for
this court to so declare the law.

Section 2957 of the Civil Code declares: "A mortgage
of personal property is void as against creditors of the
mortgagor and subsequent purchasers and encumbran-
cers of the property in good faith and for value, unless:
1. It is accompanied by the affidavit of all the par-
ties thereto that it is made in good faith, and without
any design to hinder, delay, or defraud creditors; or 2.
It is acknowledged or approved, certified and recorded,
in like manner as grants of real property."

Under the statutes of other states, which, like ours,
contain no provision fixing a definite time in which a
chattel mortgage must be recorded, in order that it may
not be void, it has been held that mere delay in such
recordation in no way invalidates the mortgage, and
that the holder of the mortgage, in not recording it,
simply assumes the perils and risks of losing his secur-
ity by the intervention of other liens, or subsequent
purchasers.   (Jones on Chattel Mortgages, sec. 237;
*Wilson* v. *Leslie*, 30 Ohio, 166; *Hicks* v. *Williams*, 17
Barb. 527; *McVey* v. *English*, 30 Kan. 368; *Mitchell* v.
*Black*, 6 Gray, 100; *Crooks* v. *Stuart*, 2 McCrary, 13.)   I
believe such to be the law in this state.

Respondents rely, both directly and by analogy, upon
section 3440 of the Civil Code, which declares that all
transfers of personal property are void, unless accom-
panied by an immediate delivery, and followed by an
actual and continued change of possession.   But this
section cannot be invoked to any degree in this case.
It is not applicable, for in terms mortgages upon per-
sonal property, when allowed by law, are exempted from
its provisions.   Neither is there any analogous principle
of law which will aid respondents' contention.   *Berson* v.
*Nunan*, 63 Cal. 551, and like cases, declare that the record-
ation of the mortgage is the equivalent of an immediate
delivery and continued change of possession, but there
the court only meant to say, and the language can

have no other reasonable interpretation, that the recordation of the mortgage when had, *from that time* was the equivalent of the immediate delivery and continued change of possession referred to in section 3440 of the Civil Code. The recordation of the mortgage is no part of the execution, no more than recordation would be an element in the execution of a deed. It is substantially so stated in *Berson* v. *Nunan*, 63 Cal. 551.

I think the judgment should be reversed.