[L. A. No. 2019. In Bank.—July 20, 1907.]

JAMES G. HAMMELS, Respondent, v. LOUIS SENTOUS et al., Copartners, etc., Appellants.

CHATTEL MORTGAGE—REMOVAL FROM COUNTY—LIEN EXISTS FOR THIRTY DAYS.—Under section 2965 of the Civil Code, when personal property mortgaged is thereafter by the mortgagor removed from the county in which it is situated and the mortgage was originally recorded, it does not become exempt from the lien of the mortgage until the expiration of thirty days after the removal, notwithstanding the mortgagee does not during such period either record the mortgage in the county to which the property has been removed or take it into his possession.

ID.—RECORD OF MORTGAGE—VALIDITY OF MORTGAGE.—In the absence of any specific statutory provision regarding the removal of mortgaged property, the record of a chattel mortgage in the town or county where it is required to be originally filed for record is constructive notice to all the world, and the mortgage is valid, even though the property may be removed to another town or county, or even to another state.

ID.—PURCHASER OF MORTGAGED PROPERTY—CONVERSION.—One who purchases such mortgaged property in the county to which it was removed during the period of thirty days after the removal, without actual notice of the mortgage, is guilty of conversion in appropriating and destroying it during that period. The mortgagee acquired a complete cause of action against him when such conversion was committed, and did not lose it by subsequently failing to record the mortgage in that county.

APPEAL from a judgment of the Superior Court of Los Angeles County. Waldo M. York, Judge.

The facts are stated in the opinion of the court.

Hutton & Williams, Henry T. Gage, and W. I. Foley, for Appellants.

Powers & Holland, for Respondent.

SLOSS, J.—This is an action to recover damages for the conversion of personal property. Plaintiff had judgment for six hundred and sixty dollars, and the defendants appeal.

On November 22, 1904, one E. M. Coe made and delivered to plaintiff, in the county of San Diego, his promissory note for seventeen hundred and fifty dollars, and, as security therefor, executed and delivered to plaintiff a chattel mortgage upon forty-one head of dairy heifers and one hundred and sixty-nine head of hogs, then situated in said San Diego County. The mortgage was duly acknowledged and was accompanied by the affidavit of the parties, as required by section 2957 of the Civil Code. On December 2, 1904, it was recorded in the office of the recorder of San Diego County. At all the times named, the mortgagor, E. M. Coe, resided in San Diego County, and the mortgaged property was in said county.

On January 4, 1905, Coe, without the knowledge or consent of the plaintiff, removed eighty-six head of hogs, a part of the mortgaged property, from the county of San Diego, and had them shipped to Los Angeles County. There, on the following day, the 5th of January, 1905, he sold and delivered said hogs to defendants, who within ten days thereafter slaughtered the hogs and sold and disposed of their meat. The defendants had no actual notice of plaintiff's mortgage, and bought the hogs in the belief that Coe was the owner, as he represented himself to be. The plaintiff, on the 4th of March, 1905, shortly after he had learned of the removal of the hogs from San Diego County, demanded possession of them from defendants, and was informed that the hogs had been killed and sold. The chattel mortgage has never been recorded in Los Angeles County. The mortgaged property other than that here involved has been sold, leaving a deficiency in excess of the value of the hogs. The judgment is for such value, with interest and costs.

The decision of the case depends upon the construction of section 2965 of the Civil Code, reading as follows: "When personal property mortgaged is thereafter by the mortgagor re-

moved from the county in which it is situated, it is, except as between the parties to the mortgage, exempted from the operation thereof, unless either:

"1. The mortgagee, within thirty days after such removal, causes the mortgage to be recorded in the county to which the property has been removed; or,

"2. The mortgagee, within thirty days after such removal, takes possession of the property, as prescribed in the next section."

So long as the property remained in the county of San Diego the mortgage was a valid lien. What was the effect of removal to another county? The appellants contend that, by the removal, the property was at once relieved of the lien of the mortgage, and that such lien could again attach to the property only upon the recording of the mortgage in the new county (or the taking of possession by the mortgagee) within thirty days. Until such recording the mortgagor was in a position to convey a clear title to a *bona fide* purchaser. The respondents, on the other hand, take the position that the mortgage remains a valid and subsisting lien, of which the original record is constructive notice to all the world, notwithstanding the removal of the property, but that, unless one of the two steps specified by section 2965 is taken during the thirty days after removal, the validity of the mortgage ceases, except as between the parties, at the expiration of such thirty days. In applying the section in question to the facts of the present case it is immaterial under either construction that the mortgage was never in fact recorded in Los Angeles County. For, if the mortgage was suspended by the removal, and was not in force when the defendants purchased the hogs, a good title passed by such purchase, and nothing was added to it by the fact that plaintiff did not subsequently record his mortgage in Los Angeles County. On the other hand, if the mortgage was a valid and subsisting lien for thirty days after removal, the defendants were guilty of conversion in appropriating the property and destroying it during such period. (*Wilson* v. *Prouty*, 70 Cal. 196, [11 Pac. 608].) The plaintiff had a complete cause of action when such conversion was committed, and did not lose this cause of action by failing at a later date to comply with the useless form of recording a mortgage of property no longer in existence.

We think the construction of section 2965 urged by respondent is the proper one.   The section declares that when mortgaged property is removed from the county in which it is situate it is exempted from the operation of the mortgage, unless
within thirty days the mortgagee does one of two things.   To
express the same idea in slightly different words, the property
is exempted from the operation of the mortgage, if the mortgagee does not within thirty days record the mortgage in the
county in which the property is removed or take possession of
it.   By necessary implication from the language used, the property is *not* exempted if within thirty days the mortgagee *does*
do either of the prescribed acts.   Whether or not he will do one
of them cannot be determined until the thirty days shall expire.   In the interval the condition upon which the statute has
made the loss of his lien depend has not taken place.   Until he
has failed to do what is required of him for the preservation of
his mortgage—and he cannot be said to have so failed until
thirty days after the removal of the property—the mortgage
is unaffected by the removal, and the exemption declared by
section 2965 has not arisen.

But apart from the mere question of grammatical interpretation, the position of respondent is supported by considerations of reason and justice.   The lender who has taken a mortgage of personal property, and has had it executed and recorded as required by law, has acquired a right of property.
The statute evidently contemplates that this right may be preserved, notwithstanding a removal to another county of the
mortgaged chattels.   If it be held that upon removal the mortgage is at once suspended until there is a new record of the
mortgage or a seizure, and that a purchaser in the interim takes
free of the mortgage, the mortgagee loses his lien, notwithstanding the fact that he may immediately upon learning of
the removal, and within the thirty days allowed him, record
his mortgage in the new county.   Such construction would
work a practical forfeiture as against one who had not been
guilty of the slightest want of care or vigilance—a result that
should not be held to follow unless it is demanded by the plain
letter of the statute.

In the absence of any specific statutory provision regarding
the removal of mortgaged property, the record of a chattel
mortgage in the town or county where it is required to be orig-

inally filed for record is held to be constructive notice to all the world, and the mortgage is valid, even though the property may be removed to another town or county, or even to another state. (*Pease* v. *Odenkirchen,* 42 Conn. 415; *Barrows* v. *Turner,* 50 Me. 127; *Brigham* v. *Weaver,* 6 Cush. 298; *Whitney* v. *Heywood,* 6 Cush. 82; *Hoit* v. *Remick,* 11 N. H. 285; *Hicks* v. *Williams,* 17 Barb. 523; *Kanagh* v. *Taylor,* 7 Ohio St. 134, [70 Am. Dec. 62] ; *Greenville Nat. Bank* v. *Evans,* 9 Okl. 353, [60 Pac. 249] ; *Hornthall* v. *Burwell,* 109 N. C. 10, [26 Am. St. Rep. 556, 13 S. E. 721] ; *Shapard* v. *Hynes,* 104 Fed. 449, [45 C. C. A. 271].)`

It is said in *Hoit* v. *Remick,* 11 N. H. 285: "The object of the statute was to give publicity to such conveyances, and to provide sources of information common to all persons, in order to enable purchasers, and creditors, and all others, to determine with some degree of facility, convenience and certainty, the question of title to property, which they may be interested to know; while, at the same time, it was not among the purposes of the act to subject the *bona fide* mortgagee, who is, of course, a creditor, to the inconvenience, if not impracticability, of the constant vigilance and ceaseless watching which would be requisite to guard and secure his interests, if he were obliged to record his mortgage in every town into which the mortgagor might see fit to remove with the property to reside."

Our statute, it is true, goes further than those considered in the foregoing cases. It does require the mortgagee to exercise some degree of vigilance in order to protect his right in case of removal of the property. But it allows him thirty days after such removal in which to perform the acts essential to the continuance of the mortgage lien. During those thirty days he cannot be said to have fallen short of full compliance with every duty imposed upon him by the law, and should not, therefore, be held to have lost any of the rights vested in him by the due execution and registration of his mortgage.

The appellants urge that the rule invoked by respondent would work a hardship upon innocent purchasers of mortgaged property in a county in which no record of the mortgage exists. Such hardship may result, but it is no more burdensome than the injury which would be sustained by a *bona fide* mortgagee who, on the contrary construction, would be held to have lost his lien by a surreptitious removal and sale of the property

before he could know of the removal and before the lapse of the time allowed him by the statute within which to protect his right in the county to which the property had been removed. The question is purely one of legislative policy, and we think the policy intended to be declared in section 2965 is the same as that adopted in other states which require a mortgage to be re-recorded after removal of the property. While the language of the statutes in those states is somewhat different from that of the section in question, it is instructive to note that such statutes are held to declare an intention that the mortgage shall remain in force after removal of the property and until the expiration of the time allowed for re-registration. (*Wilkinson* v. *King,* 81 Ala. 156, [8 South. 189] ; *Malone* v. *Bedsoll,* 93 Ala. 41, [9 South. 520] ; *Ames Iron Works* v. *Chinn,* 15 Tex. Civ. App. 88, [38 S. W. 247].)

The cases cited by appellants do not conflict with these views. In *Fassett* v. *Wise,* 115 Cal. 316, [47 Pac. 47, 1095], the mortgage had not been recorded, before removal of the property, so as to make it valid as against creditors or subsequent purchasers. The prevailing opinion of Temple, J., expressly points out that section 2965 is not applicable to such a case as the one there presented. So far as there is any discussion of section 2965 in *Fassett* v. *Wise,* both the majority and the dissenting opinions tend to sustain the views here expressed. *Ruggles* v. *Cannedy,* 127 Cal. 290, [53 Pac. 911, 59 Pac. 827], merely declares that a chattel mortgage must be recorded promptly in order to make it valid as against certain creditors of the mortgagor. The case throws no light on the question here presented.

We are satisfied that the court below properly entered judgment for the plaintiff upon the facts found.

The judgment is affirmed.

Angellotti, J., Shaw, J., McFarland, J., Henshaw, J., Lorigan, J., and Beatty, C. J., concurred.

Rehearing denied.