(No. 4340.   March 3, 1928.)

# H. E. YOUNG, Respondent, v. BOISE PAYETTE LUMBER COMPANY, a Corporation, Appellant.

[264 Pac. 873.]

CHATTEL MORTGAGES—RECORD OF—REMOVAL OF MORTGAGED PROPERTY.

1.   In absence of an express statutory provision requiring further recordation of chattel mortgage on removal of mortgaged property, record of chattel mortgage in county where it is required to be originally filed for record, under C. S., sec. 6375, is constructive notice to all the world, and mortgage is valid even though mortgaged property may be removed to another county.

2. Where chattel mortgage covering motor-truck was recorded in county where property was located and kept as required by C. S., sec. 6375, and truck was later removed to other counties, mortgagee was not required to record mortgage in counties to which truck was removed, where he did not consent in writing to such removal under sec. 6377.

APPEAL from the District Court of the Eleventh Judicial District, for Cassia County. Hon. T. Bailey Lee, Judge.

Action in replevin. Judgment for plaintiff. *Affirmed.*

T. M. Morris, for Appellant.

By specifying that mortgagee lost lien where property is removed with written consent, unless mortgagee thereafter re-recorded, legislature did not intend to provide that lien would continue where removal was made with knowledge and oral consent of mortgagee. (25 R. C. L. 983; *People v. Gibson,* 53 Colo. 231, Ann. Cas. 1914B, 138, 125 Pac. 531.)

If possible, statute should be construed in accordance with intent of legislature. (*Denver County Commrs. v. Lunney,* 46 Colo. 403, 415, 104 Pac. 945; *Weaver v. Rambow,* 37 Ida. 645, 217 Pac. 610.)

S. T. Lowe, for Respondent.

The removal of the property by the mortgagor from Owyhee county, the county wherein it was situated at the time of the execution of the mortgage, did not vitiate the mortgage for in the absence of a specific statutory provision regarding the removal of mortgaged personal property, the recordation of the chattel mortgage according to the requirements of the recording act, in the county in which it is required to be ordinarily filed for record, is constructive notice to all the world, and the mortgage is valid and bind-

Publisher's Note.

1. See 5 R. C. L. 412.

Chattel Mortgages, 11 C. J., sec. 218, p. 530, n. 54, p. 531, n. 62.

ing even though the property be removed to another county in the state or to another state. (*Lewiston Nat. Bank v. Martin,* 2 Ida. (700) 734, 23 Pac. 920; *Mills v. Glennon,* 2 Ida. (95) 105, 6 Pac. 116; *Smith v. Consolidated Wagon & Machine Co.,* 30 Ida. 148, 163 Pac. 609.)

The statutes of the state of Idaho vitiate a mortgage upon removal from one county to another only on one condition, to wit: on the written consent of the mortgagee. (C. S., sec. 6377; *Pease v. Odenkirchen,* 42 Conn. 415; *Barrows v. Turner,* 50 Me. 127; *Brigham v. Weaver,* 6 Cush. (Mass.) 298.)

Statutes requiring a filing after removal apply only to cases where the removal was made with the consent of the mortgagee. The mortgage need not be refiled where the property was removed without the mortgagee's consent. (11 C. J., pp. 530, 531, sec. 219; *Nat. Bank of Commerce v. Jones,* 18 Okl. 555, 11 Ann. Cas. 1041, 91 Pac. 191, 12 L. R. A., N. S., 310; *Paschal v. Harris Motor Co.* (Tex. Civ. App.), 280 S. W. 614; *Hoyt v. Zibell,* 259 Fed. 186; *Fife v. Ohio Investment Co.,* 52 Ind. App. 108, 100 N. E. 392.)

BRINCK, District Judge.—Plaintiff brought this action in replevin to recover possession of a motor-truck from defendant. The truck was one that plaintiff had sold to one Richardson in August, 1921, plaintiff having taken a chattel mortgage on the truck to secure the purchase price. The mortgage was duly executed and, in August, 1921, duly recorded in Owyhee county, where Richardson resided and where the truck was then located. In the following December or January, Richardson had removed the truck to Cassia county where it remained thereafter and where, in May, 1922, it was seized under an execution issued against the property of Richardson and sold to defendant at execution sale. Plaintiff's mortgage provided that he might take possession of the truck in case of default in payment of the purchase price when due, and such default existed

prior to the beginning of this suit.    Judgment was for the plaintiff and defendant appeals.

The defendant does not question that Owyhee county was the proper county for the original record of the mortgage but offered to prove upon the trial that, in September, 1921, the truck was removed from Owyhee county and was thereafter kept in Canyon and Payette counties, with the knowledge of plaintiff, and that the mortgage had not been recorded elsewhere than in Owyhee county, which offer of proof was rejected.    The sole question presented by the various assignments of error is whether a mortgagee of chattels, whose mortgage has been duly recorded in the proper county, must thereafter, upon the removal of the chattels from that county, record the mortgage in the county to which they are removed, if he has not consented in writing to such removal.

[1]    It is provided by C. S., sec. 6375, that a mortgage of personal property is void as against creditors of the mortgagor and subsequent purchasers and encumbrancers in good faith and for value unless it or a true copy thereof is filed for record with the county recorder of the county where such property is located and kept; and C. S., sec. 6377, provides:

"When mortgaged personal property is thereafter removed from the county wherein it was situated at the time of the execution of the mortgage by the written consent of the mortgagee, it is, except as between the parties to the mortgage, exempt from the operations thereof, unless, either (1) the mortgagee, within 10 days after such removal, cause the mortgage to be recorded in the county to which the property has been removed, or (2) the mortgagee, within 10 days after such removal take possession of the mortgaged property."

It has become settled law that in the absence of a specific statutory provision, requiring further recordation of a chattel mortgage upon the removal of mortgaged property, the record of a chattel mortgage in the county where it is

required to be originally filed for record is constructive notice to all the world and the mortgage is valid even though the mortgaged property may be removed to another county. (*Hammels v. Sentous,* 151 Cal. 520, 12 Ann. Cas. 945, and note, 91 Pac. 327; *Pease v. Odenkirchen,* 42 Conn. 415; *Smith & Co. v. McLean,* 24 Iowa, 322; *Elson v. Barrier,* 56 Miss. 394; *Barrows v. Turner,* 50 Me. 127; *Feurt v. Rowell,* 62 Mo. 524; *Grand Island Banking Co. v. Frey,* 25 Neb. 66, 13 Am. St. 478, 40 N. W. 599; *Hoit v. Remick,* 11 N. H. 285; *Kanaga v. Taylor,* 7 Ohio St. 134, 70 Am. Dec. 62; Jones, Chattel Mortgages, 5th ed., sec. 260; 11 C. J. 529; *Bailey v. Costello,* 94 Wis. 87, 68 N. W. 663.

[2]  It seems clear, therefore, that except for the provisions of C. S., sec. 6377, a mortgage once properly recorded in the county where the property was located and kept at the time of the execution of the mortgage would in no event thereafter have to be recorded in a different county. C. S., sec. 6377, requires such additional recording only in the event that the removal of the property from the original county is by the written consent of the mortgagee. The policy of such a statute is for the legislature to determine. It may well be that the legislature, considering, as is suggested in *Hoit v. Remick, supra,* that it was not among the purposes of the recording act to subject a *bona fide* mortgagee to the inconvenience, if not impracticability, of the constant vigilance and ceaseless watching which would be requisite to guard his interests if he is obliged to record his mortgage in every place to which the mortgagor might see fit to remove the property, and further considering that the mortgagee should not be subjected to the peril of being divested of his lien by oral testimony, deemed it a wise policy to require written evidence of his consent to a removal before he should be deemed to have waived his lien. In any event, we could not, without extending the meaning of C. S., sec. 6377, beyond its plain terms and doing violence to its express language, hold that anything less than a written consent to a removal of the property would require

the mortgagee to record the mortgage elsewhere than in the original county or to lose his lien in default thereof.

The judgment is affirmed.

Wm. E. Lee, C. J., and Budge, Givens and Taylor, JJ., concur.

T. Bailey Lee, J., disqualified.