(No. 7123.    October 12, 1943.)

CONSUMERS CREDIT COMPANY, a corporation, Appellant, v. W. F. MANIFOLD, Sheriff of Minidoka County, Idaho, Respondent.

[142 Pac. (2d) 150.]

J. H. Barnes for appellant.

H. A. Baker for respondent.

BUDGE, J.—Appellant instituted this action in the Probate Court of Minidoka County to recover from respondent, sheriff of that county, damages alleged to have been sustained by reason of a sale on execution of an automobile upon which appellant claimed to hold a mortgage. Respondent prevailed in the Probate Court and also in the District Court where the cause was submitted and tried on appeal. This appeal is from the judgment of the District Court for Minidoka County and from an order denying a new trial.

Briefly stated the record discloses that on October 28, 1941, Taylor Food Stores recovered judgment against Hewitt Jex to whom on September 23, 1941, appellant had sold the automobile levied upon, and to secure payment thereof Hewitt Jex executed and delivered to appellant a note and chattel mortgage on said automobile. On October 28, 1941, the writ of execution on the Taylor Food Store judgment was placed in the hands of the sheriff, who levied the execution taking into his possession the automobile and other personal property, and noticed the same for sale on November 3, 1941. On November 6, 1941, respondent made his return wherein it appears that Florence Taylor, owner of Taylor Food Store, by her agent, Wayne Taylor, purchased the automobile for $40. On November 1, 1941, appellant served on respondent, as sheriff, what is designated as a third party claim demanding possession of said automobile, wherein among other things it is alleged as grounds of appellant's title and right to possession of said automobile, that on September 23, 1941, Hewitt Jex executed and delivered to appellant his certain chattel mortgage in the principal sum of $234.36 to secure payment of his promissory note of the same date and in the same amount, the note being payable in monthly installments of $19.53 on the 23rd day of each subsequent month; that only $19.53 had been paid and there is now unpaid and due thereon the principal sum of $214.83 together with interest at 8 per cent from October 23, 1941, plus an attorney's fee of $10; that said note and mortgage provided that if the mortgagee is compelled to take legal action to protect its lien on said property, the mortgagor will pay a reasonable fee therefor; "that said mortgage has been filed for record in the *office of the Secretary of State of Idaho;*" (Italics ours.) that the mortgagor shall keep the mortgaged property free from attachment, execution, and all other liens; that upon a breach of said conditions, the mortgagee may declare the

whole amount immediately due under the mortgage and take possession of the property by foreclosure; that appellant had elected by reason of the breach of the covenants contained in the mortgage to declare the entire amount due and to proceed to foreclose the same.

It will be observed that the execution was levied and possession taken of the automobile prior to the service of the third party claim, but the sale was had subsequent thereto. It will further be noticed that in the third party claim it is recited "that said mortgage has been filed for record in the office of the Secretary of State of Idaho." Moreover, it further appears that the chattel mortgage was never filed in Twin Falls County or any other county. Appellant undertook to prove, by offering in evidence Exhibit F to which objection was interposed, that a true and correct copy of the chattel mortgage was filed with the department of law enforcement in its office in Boise. But it appearing on the face of the chattel mortgage that it did not bear the certificate of a notary public that it was a true and correct copy as required by sec. 48-402-j, 41 S.L., p. 290, appellant withdrew his offer before the court ruled. Therefore, there was no evidence introduced at the trial that the provisions of sec. 48-402-j, supra, were complied with. Said section provides:

"No chattel mortgage, or conveyance intended to operate as a mortgage on any vehicle registered under the law of this state executed subsequent to the effective date of this act, irrespective of whether such registration was effected prior or subsequent to the execution of such mortgage or lien, is valid as against creditors or subsequent purchasers or encumbrancer without notice until the mortgagee or holder of such conveyance intended to operate as a mortgage, or his successor or assignee, has filed with the department at its office in Boise, Idaho, a copy of said mortgage, or conveyance intended to operate as a mortgage, with an attached certificate of a *notary public stating that the same is a true and correct copy of the original,* accompanied by a properly endorsed certificate of title to the vehicle described in said mortgage, or other instrument, and if a certificate of title has not previously been issued for such motor vehicle in this state, said mortgage, or conveyance intended to operate as a mortgage shall be accompanied by a properly executed application for a certificate of title, as provided by this chapter.

"When the chattel mortgagee or the holder of such other conveyance intended to operate as a mortgage, his successor or assignee, *has filed with the department a copy of the chattel mortgage, or conveyance intended to operate as a mortgage* as herein provided, together with a fee of fifty cents to pay for the filing thereof, it shall be the duty of the department to forthwith file the same, endorsing thereon the date and hour received at its office in Boise, Idaho. When the department is satisfied as to the genuineness and regularity of the documents submitted as in this chapter provided, it shall issue a new certificate of title as in this chapter provided, which shall contain the name of the owner of the vehicle, the name and address of each holder of a lien or encumbrance, and a statement of all liens or encumbrances which have been filed with the department, together with the date of each lien or encumbrance and the date and hour received by the department, and such filing of a lien or encumbrance and the notation thereof upon the certificate of title shall constitute constructive notice of such lien or encumbrance and its contents to creditors and subsequent purchasers and encumbrancers, and all mortgages, liens or encumbrances so filed with department and so noted upon the certificate of title shall take priority according to the order of time in which the same are noted upon the certificate of title by the department of law enforcement." (Italics ours.)

Appellant not having complied with the provisions of sec. 48-402-j, supra, no constructive notice of the existence of its chattel mortgage was given to respondent. Appellant alleges in his complaint *inter alia*: "that on the 23rd day of September, 1941, one Hewitt Jex of Rupert, Idaho, executed and delivered to plaintiff his promissory note, a copy of which, marked Exhibit A, is attached to and made a part of this complaint; that to secure the payment of said note, said Hewitt Jex executed, acknowledged and delivered to plaintiff a chattel mortgage, a copy of which, marked Exhibit B, is attached to and made a part of this complaint; *that a certified copy of said chattel mortgage was filed in the office of the Department of Law Enforcement of the State of Idaho on or before the first day of October, 1941.*" (Italics ours.)

The burden rested upon appellant to prove by a preponderance of the evidence the facts above alleged. This he failed to do. Upon the trial it was established without

contradiction that neither the judgment creditor nor her son who represented her had actual knowledge of the existence of appellant's note and chattel mortgage at the time of the levy. Appellant argues in his brief, very ably, that the "whole case, therefore, turns upon the question of notice, it being the contention of the defendant that unless constructive notice of the mortgage can be shown, the lien acquired by the sheriff's levy under writ of execution is superior to the lien of an unrecorded mortgage. The contention of plaintiff is that the third party claim constituted actual notice of the mortgage, doing away with the necessity of constructive notice; and that, regardless of either constructive or actual notice, where property is purchased at execution sale by the judgment creditor, and the amount of the bid credited on the judgment, he is not a bona fide purchaser, and takes the property subject to any liens which existed at the time of such purchase, from which it follows that, if the sale was made subject to appellant's mortgage, such sale constituted a conversion." Otherwise stated, did the judgment creditor acquire a lien by virtue of the execution, and if so was it superior to the lien appellant had by virtue of his unrecorded mortgage of which the creditor had neither constructive nor actual notice? Appellant also asserts that since Florence Taylor, judgment creditor, purchased the automobile at the sheriff's sale, and credited the amount of her bid on the judgment, she was not a bona fide purchaser but took the automobile subject to appellant's lien by virtue of his unrecorded mortgage.

In our opinion this contention cannot be upheld under the facts of this case. Appellant did not seek to recover the specific property, but damages for the conversion thereof. By its election to sue for damages, it affirmed the taking, permitted title to pass to the purchaser and it is no longer concerned with the question of title. Having ratified the taking and elected to sue for damages it is of no concern to appellant whether the property was ever sold, or whether the purchaser was a bona fide purchaser, or otherwise, or whether any consideration was paid for the property. If the taking was unlawful, respondent's liability would neither be decreased nor increased by the sale of the property, or whether the amount paid for the automobile was credit on the judgment or not. Appellant's cause of action, if any, accrued and was complete when respondent took the property. Sec. 48-402-j, supra, specifically

provides that an unrecorded mortgage is not valid as against creditors and purchasers without notice. No cases have been cited holding that an unrecorded mortgage takes priority over the lien of an attaching creditor. In 23 C.J. 509, the rule is stated:

"Under statutes requiring mortgages and conditional sales to be recorded to be valid against bona fide creditors and purchasers for value, the lien of an execution is superior to that of a prior unrecorded mortgage or sale of which the judgment creditor had no notice, although the instrument was recorded before the execution of sale * * *." See also 33 C.J.S. 300; *Fassett v. Wise,* 115 Cal. 316, 47 P. 47.

■ We think the correct principle of law, as applied to the facts in the instant case, is announced in syllabus No. 2, in *Alsbury v. Alsbury,* (Tex.) 211 S.W. 650, as follows:

"Where judgment creditor caused execution to issue and be levied upon automobile in possession of judgment debtor, his lien attached at time of levy and was superior to lien of unregistered chattel mortgage on automobile of which he had no notice at such time, notwithstanding notice at time of execution sale." See also *Watson v. First National Bank,* 82 Wash. 65, 143 P. 451; *Teater v. Good Hope Development Corp.,* 55 C.A. (2d) 459, 130 P. (2d) 812.

As has been heretofore stated there is absolutely no evidence in the record that appellant's mortgage was ever properly filed for record under sec. 48-402-j, supra, or that the judgment creditor had constructive or actual knowledge of the existence of appellant's chattel mortgage at the time of the levy.

■ Appellant complains of the giving by the court of certain instructions upon the question of constructive and actual notice for the reason that said instructions were in conflict, and further complains that the court erred in instructing the jury with reference to the matter of statutory rate of interest for the reason that there was no question of statutory interest involved in the case, and that said instructions tended to confuse the jury and were prejudicial to appellant. We have carefully examined all of the instructions given by the court and when construed together and as a whole, and particularly in the light of instructions asked for by appellant and given by the court, we find no prejudicial error in the instructions that would warrant a reversal.

Error is sought to be predicated upon the action of the court in denying appellant's motion to vacate the verdict and judgment, and grant a new trial. In view of the disposition we have made of the case, we are constrained to hold that there is no merit in appellant's contention that the court erred in this respect. There is no sufficient showing that granting a new trial would change the result. The general rule in this jurisdiction is that a motion for a new trial should not be granted unless it appears that a different result will follow a retrial. (*Live Stock Credit Corp. v. Corbett,* 53 Ida. 190, 22 P. (2d) 874; *Friedman Bag Co. v. F. E. Baldwin & Co.,* 57 Ida. 607, 68 P. (2d) 43; *Younie v. Sheek,* 44 Ida. 767, 260 P. 419; *McAllister v. Bardsley,* 37 Ida. 220, 215 P. 852; *Montgomery v. Gary* (On rehearing), 26 Ida. 585, 144 P. 646; *Hall v. Jensen,* 14 Ida. 165, 93 P. 962; *Knollin v. Jensen,* 7 Ida. 466, 63 P. 638.)

The judgment is affirmed and it is so ordered. Costs to respondent.

Holden, C.J., and Dunlap, J., concur.

AILSHIE, J., concurring.—It is the settled rule in this state, that a judgment creditor who purchases property at execution sale on his own judgment is not a bona fide purchaser for value. (*Mountain Home Lumber Co. v. Swartwout,* 30 Ida. 559, 166 P. 271; *Rexburg L. Co. v. Purrington,* 62 Ida. 461, 468, 113 P. (2d) 511.) The party who was bound by the rule established by these cases is not a party to this case.

Here appellant mortgagee made a "third person" demand, under sec. 8-202, I.C.A., for possession of the property levied upon, but failed to further pursue its claim for *possession* of the property and elected to sue for the *value* thereof. It is therefore not in position to raise the question as to whether or not the purchaser at execution sale was or was not a bona fide purchaser for value.

My concurrence is based solely on the foregoing grounds.

GIVENS, J., concurring specially.—I concur with Budge, J., and with Ailshie, J., except I do not limit my concurrence as does Ailshie, J.